

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00040-CR

Isis **WOODS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-0809-CR-C
Honorable William D. Old, III, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Luz Elena D. Chapa, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 2, 2022

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Appellant Isis Woods pled guilty to the state jail felony offense of credit card or debit card abuse. *See* TEX. PENAL CODE ANN. § 32.31(b)(1) (A). The trial court accepted Woods' plea but did not adjudicate guilt and placed Woods on deferred adjudication community supervision for a term of three years. As part of the conditions of Woods' community supervision, she was required to pay $1,200 in court-appointed attorney's fees. Approximately eighteen months later, the State filed a motion to revoke community supervision and adjudicate guilt alleging that Woods committed six violations of the conditions of her community supervision. At the hearing on the

State's motion, Woods pled "true" to all six alleged violations and the trial court found the violations to be "true." The trial court proceeded to adjudicate Woods guilty of the offense of credit card or debit card abuse and sentenced her to serve a nine-month term in the State Jail Division, Texas Department of Criminal Justice. Woods appealed.

Woods' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. With citations to the record and legal authority, counsel's brief explains why no arguable appellate issues exist and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*. at 744-45; *see also High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Woods with a copy of the brief and motion to withdraw and informed her of the right to receive a copy of the appellate record and to file her own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Woods did not file a *pro se* brief. After an independent review of the appellate record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Counsel's brief points out that although Woods is indigent and her financial circumstances have not changed, the judgment improperly assesses $600 in court-appointed attorney's fees for the revocation hearing. The record reflects the trial court found Woods indigent and appointed counsel to represent her at the revocation hearing and on appeal. Because there is nothing in the record to show that Woods' financial status has changed, court-appointed attorney's fees may not be assessed against Woods. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (a

defendant previously found indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support imposition of attorney's fees). Here, the trial court's judgment assesses total court costs of $2,228 against Woods and the Bill of Costs reflects that a total of $1,800 was charged for court-appointed attorneys' fees. When Woods was placed on deferred adjudication, the conditions of community supervision required her to pay $1,200 in court-appointed attorney's fees and no appeal was taken. Because the record does not support the assessment of additional court-appointed attorney's fees for the revocation hearing, we modify the trial court's judgment to delete the $600 in attorney's fees included as part of the court costs assessed against Woods. We further order the trial court clerk to prepare and file a corrected Bill of Costs showing that no attorney's fees were assessed against Woods for the revocation hearing. *See Mayberry v. State*, No. 04-18-00463-CR, 2019 WL 1547444, at *2 (Tex. App.—San Antonio Apr. 10, 2019, no pet.) (mem. op., not designated for publication) (ordering corrected bill of costs in an *Anders* appeal).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Liza A. Rodriguez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Woods wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.